IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IMAGE PROFESSIONALS GMBH<br>d/b/a STOCKFOOD,<br><br>*Plaintiff*,<br><br>v.<br><br>SUPER KNS, INC.<br>d/b/a KOTTA SUSHI LOUNGE,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:25-CV-00839-SDJ |

## DEFENDANT'S ORIGINAL ANSWER

Defendant SUPER KNS, INC., d/b/a KOTTA SUSHI LOUNGE ("**Defendant**") by and through its counsel, submits this Defendant's Original Answer to the Complaint of Plaintiff, Image Professionals GMBH d/b/a Stockfood ("**Plaintiff**"), dated and filed August 5, 2025, ("**Complaint**") and responds as follows:

### I.     THE PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

### II.     JURISDICTION AND VENUE

3. Defendant contends that the allegations in paragraph 3 of the Complaint relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendant denies them.

4.   Defendant contends that the allegations in paragraph 4 of the Complaint relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendant denies them.

5.   Defendant contends that the allegations in paragraph 5 of the Complaint relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendant denies them.

### III.   FACTS

6.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.   Defendant admits that it owns and operates one sushi restaurant located in Texas but denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits that it advertises its business through its website www.kottasushilounge.com, and social media, www.instagram.com/kottasushifrisco/, www.facebook.com/kottasushilounge, but deny all remaining allegations in Paragraph 13 of the Complaint.

14. Defendant admits that, in connection with the advertising of its business, it displayed on its website a picture in which Plaintiff now claims to own the copyright but denies the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant admits that a purported screenshot attached to the Complaint as Exhibit "A" shows a picture in which Plaintiff now claims to own the copyright and that Plaintiff claims that Defendant displayed on its website but denies the remaining allegations in Paragraph 15 of the Complaint.

16. Defendant denies all the allegations in paragraph 16 of the Complaint.

17. Defendant admits that it obtained a license to use a picture, the picture in which Plaintiff now claims copyright, for commercial use but denies the remaining allegations in paragraph 17 of the Complaint.

18. Defendant admits that it located a picture on the Internet, the picture in which Plaintiff now claims copyright, and obtained a license for its use but denies the remaining allegations in paragraph 18 of the Complaint.

19. Defendant admits an averred representative of Plaintiff contacted it but denies the remaining allegations in paragraph 19.

20. **Defendant** contends that the allegations in paragraph 20 of the Complaint relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendant denies them.

### IV.   COUNT I – COPYRIGHT INFRINGEMENT

21. **Defendant** contends that the allegations in paragraph 21 of the Complaint relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendant denies them.

22. **Defendant** contends that the allegations in paragraph 22 of the Complaint relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendant denies them.

23. **Defendant** contends that the allegations in paragraph 23 of the Complaint relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendant denies them.

24. Defendant admits that it had access to a picture that Plaintiff now claims that it owns but denies the remaining allegations in paragraph 24 of the Complaint.

25. Defendant admits that it displayed a picture in which Plaintiff now claims copyright but denies the remaining allegations in paragraph 25 of the Complaint.

26. **Defendant** contends that the allegations in paragraph 26 of the Complaint relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendant denies them.

27. Defendant admits that at the bottom of the website www.kottasushilounge.com, "© 2021 By Kotta Suhi Lounge" is shown and that it purposes to understand and comply with all applicable laws but denies the remaining allegations in paragraph 27.

28. Defendant denies all the allegations in paragraph 28 of the Complaint.

29. Defendant contends that the allegations in paragraph 29 of the Complaint relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendant denies them.

30. Defendant contends that the allegations in paragraph 30 of the Complaint relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendant denies them.

31. Defendant contends that the allegations in paragraph 31 of the Complaint relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendant denies them.

32. Defendant contends that the allegations in paragraph 32 of the Complaint relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendant denies them.

33. Defendant contends that the allegations in paragraph 33 of the Complaint relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendant denies them.

## V.     AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE MATTERS

34. Without accepting the burden of proof for any issue(s) of which Defendant does not have the burden as a matter of law, Defendant sets forth the following affirmative defense(s) and other defensive matter(s).

   a. Plaintiff claim(s) are barred, in whole or in part, because the Defendant has a nonexclusive license to use, reproduce, display and/or distribute the picture in which Plaintiff now claims copyright ownership. Many years ago, Defendant located the picture online and obtained a license for its use.

## VI.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully requests the following, *to wit*:

1. Plaintiff's request for relief be, in all things, denied;

2. That each and all of Defendant's affirmative defenses bar the recovery of Plaintiff's request for relief against Defendant; and

3. That Defendant have such other and further relief to which it shows itself justly entitled.

Respectfully submitted,

/s/   Aaron P. Peacock
Aaron P. Peacock
Texas State Bar No. 24060399
USPTO Registration No. 65330
**PEACOCK LAW FIRM PLLC**
4131 N. Central Expressway, Suite 961
Dallas, Texas 75204
Telephone: (214) 617-1000
Facsimile: (214) 617-1010
Email: apeacock@peacockfirm.com

**ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

  I certify that the forgoing document was served upon Plaintiff's counsel, Daniel DeSouza, and all parties receiving electronic service per the local and federal rules of procedure via either forwarding same as first-class mail with the United States Postal Service or by causing same to be filed in this case via electronic transmission via portable document format (.pdf) to the EM/ECF Internet web portal for this Court in this Case on the 18th day of September, 2025.

             /s/   *Aaron P. Peacock*
             Of Peacock Law Firm PLLC